JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BRUCE ELIEFF, <br><br> Debtor. <br> ———————————————— <br><br> CITI INVESTMENT CAPITAL, INC., <br><br> Appellant, <br><br> v. <br><br> HOWARD M. EHRENBERT, ET AL., <br><br> Appellee. | Case No. 8:20-CV-01780-JLS <br><br> BK Case No. 8:19-BK-13858-ES <br><br> **ORDER AFFIRMING BANKRUPTCY COURT ORDER** |

Appellant Citi Investment Capital, Inc. ("Citi") appeals the Bankruptcy Court's Order authorizing the sale of certain real property listed by a bankruptcy debtor on his schedule of property. In authorizing the sale, the Bankruptcy Court considered, but rejected, Citi's claim to the real property. Citi filed an Opening Brief and an Appendix (Docs. 12-13), to which the Chapter 11 Trustee ("Trustee") has responded (Doc. 14), filing the Trustee's own Appendix (Doc. 15). Citi filed a Reply Brief.[1] (Doc. 18.) The Court has considered the matter and, as set forth herein, the Court AFFIRMS the Bankruptcy Court's Order.

## I. BACKGROUND

### A. Chapter 11 Bankruptcy Petition Converted to Chapter 7

Debtor filed a Chapter 11 bankruptcy petition on October 2, 2019. (BK Doc. 1.) Included in his schedule of assets was real property described as 4507 Perham Road, Corona del Mar, CA 92625, held as community property with divorce proceedings still pending ("the Property"). (BK Doc. 38 at 4, Schedule A/B.) A Chapter 11 Trustee was appointed on June 27, 2020. (BK Doc. 712.) The bankruptcy proceeding was eventually converted to a Chapter 7 proceeding. (BK Doc. 921; *see* BK Doc. 941 (appointing Chapter 11 Trustee as Chapter 7 Trustee).)

### B. Recorded Transfers of the Property

Prior to the relevant events, the Property was owned by Debtor and his former spouse. On July 20, 2018, Debtor transferred interest in the Property to an entity he controlled, WCR Development Company LLC ("WCR"). (BK Doc. 768 at 18-20, Citi Opp. to Mot. for Sale, Prince Decl., Ex. 1.) The day after the transfer, WCR filed a Chapter 11 bankruptcy petition, eventually listing the Property as an asset of WCR. (*See* BK Doc. 768 at 27, Citi Opp. to Mot. for Sale, Prince Decl., Ex. 3.) WCR's petition was later voluntarily dismissed on December 12, 2018.[2] (*See In Re: WCR Development Company LLC*, No. 8:18-BK-12667-MW (C.D. Cal.) (Doc. 45).)

---

[1] Herein the Court cites to the record below by the entries on the bankruptcy docket as "BK Doc."
[2] Thus, there is no concern that the Property was part of the WCR bankruptcy estate at any time relevant to the present appeal.

|  |  |
|---|---|
| 1 | Shortly thereafter, the Property was subject to non-judicial foreclosure |
| 2 | proceedings.  At the foreclosure sale of the Property on February 25, 2019, Citi was |
| 3 | the winning bidder, and the real estate trustee issued its February 25, 2019 Trustee |
| 4 | Certificate of Sale/Receipt evidencing this.  (*See* BK Doc. 768 at 58-60, Citi Opp. to |
| 5 | Mot. for Sale, Prince Decl., Ex. 7.)  Despite this sale, the record is devoid of any |
| 6 | indication that a deed upon sale was ever issued or recorded.  Instead, the record |
| 7 | reveals that, prior to the sale, the lender erroneously failed to notify the real estate |
| 8 | trustee that the loan was no longer in default and that the foreclosure sale should be |
| 9 | cancelled.[3] |
| 10 | Specifically, the absence of the issuance of a deed upon sale is evidenced by |
| 11 | Citi's allegations in its (now dismissed) Adversary Complaint wherein Citi alleges |
| 12 | only its winning bid and the issuance of a Trustee Certificate of Sale/Receipt but does |
| 13 | not allege any subsequent transfer of title.  (*See Citi Investment Capital, Inc. v.* |
| 14 | *Howard M. Ehrenberg, Chapter 11 Trustee*, 8:20-AP-01109-ES (Bankr. Cent. Dist.) |
| 15 | (Doc. 1 (Adv. Compl. ¶¶ 10-12); *cf. id.* Doc. 5 (voluntarily dismissal).)  That no deed |
| 16 | upon sale was ever issued is also evidenced by allegations made in a civil action |
| 17 | action filed by Citi on March 5, 2019.  In its complaint, Citi alleged that the real estate |
| 18 | trustee informed Citi the day after the foreclosure sale that the lender had received |
| 19 | "reinstatement funds and that the sale may be rescinded." (*See* BK Doc. 631-1 at 1- |
| 20 | 15, Couchot Decl., Ex. 1, Sup. Ct. Compl. ¶ 34.)[4]  Citi also alleged that the trustee |
| 21 | informed it that it would not deliver "the Trustee's Deed Upon Sale" until the matter |
| 22 | was resolved.  (*Id.* ¶ 37.)  Citi sought specific performance, that is, recordation of the |
| 23 | Trustee's Deed Upon Sale.  (*Id.* ¶¶ 40-45.)  There is no indication in the record that |
| 24 | such relief was ever granted.  Instead, on March 27, 2019, the trustee recorded its |

---

[3] As detailed below, about a month after the sale, a Notice of Recission was filed by the real estate trustee.
[4] The Superior Court case was filed on March 5, 2019, and is captioned *CITI Investment Capital, Inc. v. MTC Financial, Inc., et al.*, Case No. 30-2019-01055778-CU-OR. (*See* BK Doc. 631-1.)

Notice of Recission of Notice of Default and Election and to Sell Under Deed of Trust.  (BK Doc. 631-1 at 153, Couchet Decl. Ex. 17.)

Seven months later, on October 2, 2019, Debtor caused WCR to execute a quitclaim deed in his favor.  (*See* BK Doc. 630, Elieff Decl. Ex. 1 (quitclaim deed).)  The quitclaim deed was recorded on October 4, 2019.  (*Id.*)  Consistent with this action, Debtor included the Property on his October 24, 2019 Schedule A/B of assets.  (BK Doc. 38 at 2.)  On July 20, 2020, the Chapter 11 Trustee sought authorization to sell the Property.  (*See* BK Doc. 738.)

### C. Interim Orders of Bankruptcy Court

Two interim Orders of the Bankruptcy Court relate to the question of ownership of the Property.  On October 13, 2019, Debtor moved to employ professional real estate broker Timothy Tamura of VALIA Properties to provide services as to the Property.  (BK Doc. 50.)  On November 14, 2019, Citi filed its Opposition to Tamura's employment on the basis that Citi owned the Property by virtue of its winning bid at the foreclosure sale and therefore Debtor lacked any right to market or sell the Property.  (BK Doc. 75.)  Debtor's Reply brief was filed on January 30, 2020, and therein Debtor expressed the intention to file a motion allowing sale of the property pursuant to Bankruptcy Code § 363.  (BK Doc. 221.)  On February 20, 2020, the Bankruptcy Court tentatively approved the Motion to Employ Tamura to sell the Property; the approval was tentative to allow for the possibility that the parties would be able to resolve Citi's disputed claim to the property.  (BK Doc. 253.)  After negotiations to settle the matter of ownership to the Property broke down,[5] in early April 2020, counsel for the Debtor sought and obtained an Amended Order employing

---

[5] On January 9, 2020, Debtor filed a Motion to Approve Compromise regarding the Property, seeking approval of an agreement among the parties, including Citi.  (BK Doc. 179.)  The agreement would vest title of the Property in Citi based on its payment of the winning bid plus an additional $50,000 to be paid to the estate.  (*Id.* at 4.)  Most if not all of the other interested parties opposed the Motion to Approve Compromise.  (*See* BK Docs. 184 (Chase Bank, the lien holder), 193 (MTC Financial Inc. DBA TRUSTEE CORPS, the real estate trustee), 195 (the United States, on behalf of its agency the Internal Revenue Service), 196 (Secured Creditor Todd Kurtin, who was also Debtor's former business partner), 201 (Kathy Elieff, Debtor's former spouse), 208 (the Official Committee of Unsecured Creditors).)  The Motion was eventually withdrawn.  (BK Doc. 370.)

Tamura, that "authorize[d] Timothy Tamura, real estate broker[,] to commence marketing the residential real property located at 4507 Perham Road, Corona del Mar, California," which was not subject to any contingency. (BK Doc. 385.)

Later, on June 29, 2020, the Bankruptcy Court denied without prejudice Citi's Motion for Relief from Automatic stay, which sought relief to give Citi the option of filing a civil action to quiet title to the Property. (*See* BK Doc. 719.) Therein, the Bankruptcy Court adopted its tentative ruling, which reasoned in part that Citi did not adequately explain its change in position from an expressed intention to abandon claims of ownership to the Property. (*Id.* at 2-3, 5.) Citi did not thereafter refile its Motion for Relief from Stay, although it did oppose the Chapter 11 Trustee's Motion for Order Authorizing Sale, offering evidence in support of its claim to ownership of the Property. (*See* BK Doc. 768.) Over Citi's Opposition, the Bankruptcy Court issued an order authorizing sale of the Property, described next.

### D. Sale Order

On August 21, 2020, the Bankruptcy Court issued an order granting the Chapter 11 Trustee's Order Granting Motion of Chapter 11 Trustee for Order Authorizing Sale of Real Property ("Sale Order"), which forms the basis of the present appeal. (*See generally* BK Doc. 887, Sale Order.) Therein, the Bankruptcy Court expressly concluded that the notice provisions and bidding procedures regarding the Property were adequate, that the Property was an asset of the estate and that, as such, it was subject to sale by the Trustee pursuant to Bankruptcy Code § 363(b)(1).

The Bankruptcy Court expressly rejected Citi's claimed interest in the Property on two separate grounds. First, the Bankruptcy Court concluded that Citi waived and released any claim to the Property. (*Id.* at 2-3.) Second, the Bankruptcy Court noted that, "[b]ased upon the evidence presented in support of the Motion, there is no persuasive evidence that Citi holds any legally cognizable claim to the Property." (Sale Order at 3.) Based on the record, and having rejected Citi's claim to the

Property, the Bankruptcy Court approved a Sale Agreement between the bankruptcy estate and the Buyer (as defined in the Sale Order). (Sale Order at 4.)

## II. STANDARD OF REVIEW

An appellate court reviews an order authorizing the sale of property of a bankruptcy estate for an abuse of discretion. *In re Lahijani*, 325 B.R. 282, 287 (B.A.P. 9th Cir. 2005). "The abuse of discretion test involves two distinct determinations: first, whether the court applied the correct legal standard; and second, whether the factual findings supporting the legal analysis were clearly erroneous." *In re Veal*, 450 B.R. 897, 915 (B.A.P. 9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261-63 (9th Cir. 2009) (en banc)). Where a bankruptcy court failed to apply the correct legal standard, "it has 'necessarily abuse[d] its discretion.'" *In re Veal*, 450 B.R. at 915 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). Whether the bankruptcy court applied the correct legal standard is reviewed de novo. *Hinkson*, 585 F.3d at 1261-62. Factual findings are reviewed for clear error. *Id.* at 1262. A bankruptcy court's findings of fact are clearly erroneous if they are "illogical, implausible, or without support in inferences that may be drawn from the record." *Hinkson*, 585 F.3d at 1263.

A reviewing court may affirm a bankruptcy court's order on any basis supported by the record. *In re E. Airport Dev., LLC*, 443 B.R. 823, 828 (B.A.P. 9th Cir. 2011).

## III. DISCUSSION

### A. Jurisdiction

The Bankruptcy Court's jurisdiction is not challenged; it had jurisdiction to approve the sale of the real property because an order approving the sale of estate property is enumerated as a core proceeding that bankruptcy judges are empowered to hear and determine. *See* 28 U.S.C. § 157(b)(2)(N) (conferring jurisdiction to issue certain "orders approving the sale of property").

**B.     Issues on Appeal**

Citi identifies four overlapping issues on appeal.[6] (*See* Opening Br. at 2.) These relate to the Bankruptcy Court's determination of ownership of the Property, its finding of waiver, and its granting of authorization to sell the Property while Citi's Adversary Complaint seeking to quiet title to the Property was pending.

As set forth below, the Bankruptcy Court did not abuse its discretion in determining that Citi had no legally cognizable interest in the Property and that the Property was instead part of the estate. Nor did the Bankruptcy Court abuse its discretion in authorizing the sale of the Property while Citi's Adversary Proceeding was still pending.

**C.     The Bankruptcy Court Did Not Abuse Its Discretion in Concluding that the Property Was the Part of the Estate**

Prior to sale, the estate must establish that the property it proposes to sell is property of the estate. *See In re Popp*, 323 B.R. 260, 266 (B.A.P. 9th Cir. 2005) ("Section 363(b) . . . requires that the estate demonstrate that the property it proposes to sell is 'property of the estate.'"). The estate has met this burden. It has established that the Property belongs to the estate by establishing that Debtor (rather than Citi) owned the Property as of the date of the filing of the Chapter 11 Petition.

**1.     Citi's Claim to the Property Was and Is Untenable**

On this factual record, Citi claims an interest on the Property as a result of a foreclosure sale that should not have proceeded because the default that authorized the trustee's sale had been cured. Although Citi has a Trustee Certificate of Sale/Receipt, no deed upon sale was ever recorded, and instead, about a month later, the real estate trustee recorded a Notice of Recission. A trustee's deed on sale would have conferred

---

[6] Appellant does not clearly delineate its arguments as relating to factual findings or to legal conclusions. As noted above, the standard of review differs significantly. Nevertheless, as noted above, the factual record here appears to be undisputed, and Appellant has not suggested that the Bankruptcy Court's Sale Order rests upon a foundation of facts that are clearly erroneous. The Court finds no such clear error and, as set forth herein, the Bankruptcy Court did not abuse its discretion by applying the incorrect legal standard.

7

upon Citi the benefit of a presumption that it was a *bona fide* purchaser, but where no deed upon sale is issued, that presumption does not arise. *See Biancalana v. T.D. Serv. Co.*, 56 Cal. 4th 807, 814 (2013). Indeed, because "[t]he purchaser at a foreclosure sale takes title by a trustee's deed," and because no such trustee's deed was ever issued here, Citi did not acquire title to the Property by virtue of its winning bid. *Id.* (internal quotation marks omitted).

### 2. Debtor Owned the Property at the Time of the Filing of His Chapter 11 Petition

If the Property belonged to Debtor at the time of the filing of his bankruptcy petition, then it became property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1); *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (all legal or equitable interests of a debtor in property become property of the bankruptcy estate upon the commencement of a bankruptcy case). That occurred here.

Prior to Debtor's filing of his Chapter 11 Petition, the Property was owned by WCR, an entity controlled by Debtor. However, on the same day he filed his Chapter 11 Petition, on behalf of WCR, Debtor quitclaimed WCR's interest in the Property in favor of himself, effectively conveying the Property to himself. The quitclaim deed was not filed until two days later.

"To determine whether a transfer has occurred, [a bankruptcy court] looks at state law." *In re Roosevelt*, 176 B.R. 534, 537 (B.A.P. 9th Cir. 1995) (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)). Under California law, a quitclaim deed effectuates a transfer of "all the right and title of the grantor." *City of Manhattan Beach v. Superior Ct.*, 13 Cal. 4th 232, 239 (1996). Property is conveyed at the time of execution and delivery of the deed. *See generally* Cal. Civ. Code § 1054-1056. The recordation date merely perfects the interest conveyed against a third-party; by statute, unrecorded instruments are valid between the parties thereto and as to anyone who has notice of those instruments. *See* Cal. Civ. Code § 1217. Here, Debtor conveyed the Property to himself, executing the quitclaim deed on behalf of an entity

he controlled. Therefore, in this instance, execution and delivery of the deed occurred on October 2, 2019, thereby effectuating transfer to Debtor. Therefore, upon the filing of the Chapter 11 Petition, by operation of bankruptcy law, the Property became part of the estate, subject to an order authorizing its sale pursuant to § 363. The Bankruptcy Court therefore correctly concluded that the Property was property of the estate.

### D.  The Court Does Not Determine the Issue of Waiver

Citi challenges the Bankruptcy Court's conclusion it waived its claim to ownership of the Property. Specifically, Citi challenges the Sale Order's reliance on a theory of waiver and its reliance on evidence related to settlement negotiations among the parties. (*See* Opening Br. at 18-23; Reply at 7-8.)

The conclusion regarding waiver is related to certain prior orders of the Bankruptcy Court. Here, the Bankruptcy Court may have intended to find no merit to Citi's claim to the Property when it entered the Amended Order Authorizing Timothy Tamura to Commence Marketing the Perham Property for Sale on Behalf of the Elieff Estate. (BK Doc. 385.) After all, there is no reason to employ a broker to market the Property for sale on behalf of the estate if the Property could not be sold to benefit the estate. However, this Court stops short of concluding that that the Amended Order conclusively determined that Citi's claim to the Property was without merit when it entered the Amended Order.

This is because when the Bankruptcy Court denied Citi's Motion for Relief from Stay, it did so without prejudice; had the Bankruptcy Court previously determined that Citi had no right to the Property, there would have been no need to deny the Motion for Relief from Stay without prejudice. The stated reason as to why the denial was being made without prejudice was to allow Citi to adequately explain its earlier disavowance, based on counsel's statements, of any intent to pursue a quiet title action. (*See* Doc. 719 at 5.) This ruling dovetails with the rationale of waiver set forth in the Sale Order, which relied on those statements of counsel. (*See* Sale Order

at 3.) Here, the Answering Brief does not address key points related to a theory of waiver. (*See generally* Answering Br.; *see* Reply at 3.) Therefore, this Court does not address the issue of whether Citi waived its rights to continue to pursue any ownership rights to the Property. Instead, as set forth below, the Court affirms the Sale Order on the alternative basis articulated by the Bankruptcy Court in the Sale Order, that "there is no persuasive evidence that Citi holds any legally cognizable claim to the Property." (Sale Order at 3); *see In re E. Airport Dev., LLC*, 443 B.R. at 828 (allowing for affirmance of a bankruptcy court on any basis supported by the record).

### E. The Bankruptcy Court Did Not Abuse Its Discretion by Authorizing Sale of the Property Notwithstanding the Pendency of the Adversary Complaint

Citi challenges the Bankruptcy Court's decision to authorize sale of the Property as the resolution of the Trustee's Motion, contending instead that the Bankruptcy Court should have waited and adjudicated Citi's claim to the Property within the confines of the Adversary Proceeding. (*See* Opening Br. at 11-14.)

Citi appears to agree with the Trustee that, generally, questions of ownership of property of the estate may be resolved through a contested matter such as a § 363 motion. (*See* Opening Br. at 14.) Indeed, a purpose of many of the subsections of § 363 is to authorize the sale or transfer of real property of the estate with a clear title to good faith purchasers or lessees. The Sale Order merely made express determinations under these subsections based on the record before it. Specifically, the Sale Order authorizes sale pursuant to (b)(1), which permits "[t]he trustee, after notice and a hearing, [to] use, sell, or lease . . . property of the estate." (*See* Sale Order at 2 ("The Property is an asset of the chapter 11 estate and the Trustee may sell the Property pursuant to §363(b)(1) after notice and a hearing[.]").) The Sale Order uses the language of § 363(f) to authorize the Property to be sold "free and clear of any interest in [the] property of an entity other than the estate." 11 U.S.C. § 363(f); (*see* Sale Order at 4 (specifying subsections (f)(3) and (f)(4)).) And the Sale Order

expressly confers upon the buyer or lessee of the Property the protections of subsection (m) that arise for good faith purchasers and lessees thereunder. (Sale Order at 4.)

Citi contends the Bankruptcy Court was required to adjudicate the matter within the adversary case rather than the Chapter 11 Trustee's § 363 Motion. (*See* Opening Br. at 11-14.) The authority upon which Citi relies, however, does not specifically require that an adversary case involving the same disputes as a sale motion be resolved prior to sale authorization. (*See id.* at 13 (relying on *In re Popp*, 323 B.R. at 268-70.) Instead, the authority cited merely requires that determinations of the estate's ownership be made before a bankruptcy court authorizes sale of property under § 363. *See In re Popp*, 323 B.R. at 608. Such a requirement is obvious: § 363(b) itself uses the language "property of the estate" to define that property which may be subject to sale by the trustee. The Bankruptcy Court made an express finding here that the Property is "property of the estate," and Citi does not establish that the Bankruptcy Court abused its discretion in making this finding.[7]

### F. The Bankruptcy Court Did Not Abuse Its Discretion in Authorizing Sale of the Property

Based on the evidence and argument before it in connection with the Chapter 11 Trustee's Motion for Order Authorizing Sale, including Citi's Opposition and Exhibits (BK Doc. 768), the Bankruptcy Court concluded that Citi's claim to the Property was not legally cognizable. (Sale Order at 3.) As set forth supra section III.C.1, the Court agrees with this conclusion.

Based on that determination, and based on other recitations not challenged in the present appeal, the Bankruptcy Court concluded that "[t]he Property is an asset of the chapter 11 estate and the Trustee may sell the Property pursuant to § 363(b)(1)."

---

[7] Notably, Citi does not claim it lacked notice and opportunity to be heard, and the record establishes it had notice and opportunity to be heard. Indeed, Citi filed a comprehensive Opposition to the Chapter 11 Trustee's Motion, along with evidence regarding its claim to the Property. (*See* BK Doc. 768.)

(Sale Order at 2.)  As set forth supra section III.C.2, the Court agrees with this conclusion as well.

Therefore, under the relevant standard of review, the Court affirms the Sale Order.

## IV. CONCLUSION

As set forth herein, the Court AFFIRMS the Bankruptcy Court's Sale Order and DISMISSES the present appeal.

**IT IS SO ORDERED.**

DATED:  September 22, 2021

_____
The Hon. Josephine L. Staton
United States District Judge